UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL THOMAS,

Plaintiff,

v.

CAPORUSCIO, et al.,

Defendants.
_______________________________/

Case No. 2:26-cv-13854

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

Plaintiff Michael Thomas, a prisoner in the custody of the Michigan Department of Corrections (MDOC) and proceeding pro se, sued Defendants Caporuscio, Guess, and Phillips-Hall, all MDOC corrections officers, under 42 U.S.C. § 1983 for failure to protect in violation of the Eighth Amendment. ECF No. 1, PageID.3, 11–13. Thomas also sued two inmates, Henderson and Crews, for assault and battery under state law. *Id.* at PageID.10–11. Thomas alleged that the three corrections-officer Defendants failed to protect him from a stabbing assault by Defendants Henderson and Crews while he was confined at the Macomb Correctional Facility. *Id.* at PageID.4, 11–13. Thomas seeks monetary damages and any other appropriate relief from Defendants. *Id.* at PageID.14.

The Court granted Thomas leave to proceed without prepayment of the filing fee. ECF No. 5. For the reasons discussed below, the Court concludes that the complaint is subject to partial summary dismissal.

## LEGAL STANDARD

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court must *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking relief against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A Court must construe a pro se civil rights complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of the rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While the notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id.* Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. §1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–56 (1978); *Harris v. City of Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege facts indicating that the deprivation of rights was intentional. *See Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

## DISCUSSION

### I. Claims Against Corrections Officers Caporuscio, Guess, and Phillips-Hall

As an initial matter, the Court concludes that Thomas stated a plausible Eighth Amendment claim against Caporuscio, Guess, and Phillips-Hall in their individual capacities based upon their alleged failure to protect him from an assault by fellow prisoners. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 832, 837 (1994); *Caraway v. CoreCivic of Tenn., LLC*, 98 F.4th 679, 683, 686 (6th Cir. 2024). While Thomas may not ultimately prevail on those claims, he alleged sufficient facts to survive the Court's initial screening process.

Thomas's complaint against those Defendants in their official capacities, however, must be dismissed, in part, based on sovereign immunity. The Eleventh Amendment bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to being sued in civil rights actions in federal court, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005).

Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief, against [a] state and its departments," other than claims for prospective injunctive relief. *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). Eleventh Amendment immunity applies to state employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009)). Because Defendants Caporuscio, Guess, and Phillips-Hall are MDOC employees, and thereby employed by the State of Michigan, they are entitled to Eleventh Amendment immunity. *See Johnson*, 357 F.3d at 545. The Court will thus dismiss Thomas's claims for monetary

damages, or any relief other than prospective injunctive relief, against Defendants Caporuscio, Guess, and Phillips-Hall in their official capacities.

## II. Complaint Against Prisoners Henderson and Crews

Thomas brought a state law claim of assault and battery against Defendants Henderson and Crews. ECF No. 1, PageID.10–11. A federal district court may exercise supplemental jurisdiction over "all other claims" in the same case or controversy as a claim within the court's original jurisdiction. 28 U.S.C. § 1367(a). The court, however, may decline to exercise supplemental jurisdiction if "compelling reasons for declining [supplemental] jurisdiction" exist. *Id.* § 1367(c)(4). "[C]ompelling reasons . . . should be those that lead a court to conclude that declining jurisdiction best accommodates the values of economy, convenience, fairness, and comity." *Barnes v. Hayse*, No. 10-12501, 2010 WL 3448377, at *2 (E.D. Mich. Aug. 30, 2010) (Cleland, J.) (quoting *Exec. Software N. Am. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 24 F.3d 1545, 1557 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1093 (9th Cir. 2008)).

Here, the inclusion of Defendants Henderson and Crews makes Thomas ineligible for the prisoner mediation program, as the program only covers cases against MDOC or MDOC employees. In other words, the presence of Defendants Henderson and Crews in Thomas's complaint deprives the parties of an opportunity to mediate and settle the case early in the litigation process. Given that Thomas can bring his assault and battery claim against Defendants Henderson and Crews in state

court and because the case is in its early stages, principles of economy, convenience, fairness, and comity weigh in favor of the Court declining to exercise supplemental jurisdiction. *See Barnes*, 2010 WL 3448377, at *2. The Court will thus decline to exercise supplemental jurisdiction over Thomas's state law assault and battery claims against Defendants Henderson and Crews and dismiss the claim without prejudice.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Thomas's Eighth Amendment failure to protect claim again Defendants Caporuscio, Guess, and Phillips-Hall in their official capacities are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Thomas's assault and battery claim against Defendants Henderson and Crews is **DISMISSED WITHOUT PREJUDICE**. Thomas may refile his assault and battery claim against Defendants Henderson and Crews in state court.

Thomas's Eighth Amendment failure to protect claim against Defendants Caporuscio, Guess, and Phillips-Hall in their individual capacities survives the Court's screening process under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 21, 2026